FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHARLES JOSEPH REEVIS,

                    Plaintiff,

        v.

SPOKANE COUNTY SUPERIOR
COURT, US DISTRICT COURT, and
US SUPREME COURT,

                    Defendants.

No.   2:26-cv-00017-TOR

ORDER DISMISSING ACTION

By Order filed February 18, 2026, the Court instructed Plaintiff, a *pro se* individual currently housed at the Eastern State Hospital, to clarify his prisoner status under 28 U.S.C. § 1915(h), for the purpose of determining whether Plaintiff is required to comply with the statutory requirements of 28 U.S.C. § 1915(a)(2), or is precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  ECF No. 6.

Plaintiff did not respond to the Court's Order and has filed nothing further in this action.  The Court cautioned Plaintiff that his failure to comply with the Order

ORDER DISMISSING ACTION -- 1

would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). *Id.* at 5. Having failed to comply with the Court's directive, the Court will proceed to dismiss this action.

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In deciding whether to dismiss a case for failure to obey a court order, the district court should consider the following five factors:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61 (citations omitted).

The first two factors weigh in favor of dismissal. The court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. Yet, Plaintiff has not pursued this matter. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time comply with the Court's directives. Plaintiff, however, has already had more than a month to advise the Court of his status and to provide the documents

ORDER DISMISSING ACTION -- 2

necessary to proceed *in forma papueris*; and he has failed to do so.  Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal.

On balance, the four factors that favor dismissal outweigh the one that does not. *Id.* at 1263 (*citing, Malone v. U.S. Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal).

Accordingly**, IT IS ORDERED**:

1.      This action is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

2.      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.

**DATED** April 6, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING ACTION -- 3